IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03204-LTB

JEFFERY DAVID KING,

      Applicant,

v.

RICK RAEMISCH, Executive Director, Colorado Department of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER GRANTING MOTION TO RECONSIDER

---

      Applicant Jeffery David King has filed *pro se*, on January 20, 2015, a request to reopen this case,  ECF No. 7,  in which he asks the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on January 12, 2015.  The Court dismissed the instant action without prejudice because Applicant failed to comply with a court order within the time allowed.  The Court must construe the request liberally because Applicant is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the request will be construed as a  Motion to Reconsider filed pursuant to Rule 59(e) and granted.

      A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will

consider Plaintiff's request as a Motion to Reconsider filed pursuant to Rule 59(e)

because the motion was filed within twenty-eight days after the Judgment was entered

in this action.  *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed

within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should

be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to

present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th

Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is

appropriate when "the court has misapprehended the facts, a party's position, or the

controlling law."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.

2000).

On December 4, 2014, Magistrate Judge Gordon P. Gallagher reviewed the

Application, determined that it was deficient, because Applicant had failed to request

leave to proceed pursuant to 28 U.S.C. § 1915 or in the alternative to pay the $5 filing

fee, and directed Applicant to cure the deficiency within thirty days.  Magistrate Judge

Gallagher warned Applicant that the action would be dismissed without further notice if

he failed to comply within the time allowed.  Therefore, when Applicant had failed to

comply with the December 4 Order within the time allowed, the Court dismissed the

instant action on January 12, 2015.

In the Motion to Reconsider, Applicant asserts that he submitted a request for a

money order, on January 3, 2015, to pay the filing fee and any delay is not his fault.  He

concludes the action should be reopened based on these claims.  Finding an excusable

basis for not complying with the December 4, 2014 Order within the time allowed, the Motion to Reconsider will be granted.  Accordingly, it is

ORDERED that Applicant's Motion to Reconsider, ECF No. 7, filed on January 20, 2015, is GRANTED.  It is

FURTHER ORDERED that the Order of Dismissal and the Judgment, both filed on January 12, 2015, are vacated.  It is

FURTHER ORDERED that the Clerk of the Court is directed to reinstate and return this action to the Pro Se Docket.

DATED at Denver, Colorado, this __22nd__ day of __January_____, 2015.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court