**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-03204-LTB

**JEFFERY DAVID KING**,

    Applicant,

v.

**RICK RAEMISCH, Executive Director, Colorado Department of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO**,

    Respondents.

## ORDER TO DISMISS

Applicant, Jeffrey David King, a state prisoner in the custody of the Colorado Department of Corrections, currently is incarcerated at the Arrowhead Correctional Center in Canon City, Colorado. Applicant initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

On January 6, 2015, Magistrate Judge Gordon P. Gallagher directed Respondents to file a Response. Respondents submitted a Response on February 4, 2015 (ECF No. 13). Applicant requested and received two extensions within which to file a reply, the last of which expired on on March 31, 2015 (ECF No. 17). No reply has been filed.

The Court must construe the Application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not "assume the role of advocate for the *pro se* litigant." *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the habeas corpus action.

**A. Relevant Factual and Procedural History**

In two separate indictments, the State of Colorado charged Mr. King with one count each, per indictment, of: identity theft under CRS § 18-5-902(1)(c) (a Class 4 felony); forgery under CRS § 8-5-102(1)(e) (a Class 5 felony); and possession of a forged instrument under CRS § 18-5-105 (a Class 6 felony) at 2011CR52 and 2011CR53 in Logan County. The State alleged that Mr. King forged and filed forms to terminate his responsibility to pay restitution in previous criminal cases by falsely representing that Attorney General John Suthers completed and signed the forms. King, having waived his right to counsel, entered a *nolo contendere* plea to one count of forgery in case number 11CR52, with a stipulated sentence of two years in prison. In exchange, the
prosecution dismissed the other two counts in case number 11CR52 and all of the counts in case number 11CR53.

Mr. King timely filed a motion to withdraw his plea under Colo. R. Crim. P. 35(c). On his Form, he checked the box indicating that his basis for withdrawing his plea was newly discovered evidence. In this regard, he asserted that he had recently learned that section C.R.S. § 18-5-105 prohibits convictions for both forgery and possession of a forged instrument based on the same instrument. He further contended that had he known about section 18-5-105 when he entered his plea, it is unlikely he would have taken the plea because he could prove that he did not forge any documents.

The district court summarily denied King's motion finding that King waived any challenge to the charges in the information or evidentiary support for those charges when he entered his plea and King's recent discovery that two of the charges in the information would merge if he was convicted of both after a trial did not constitute a recent discovery of material

fact that would entitle him to relief. (ECF No. 13-7, p.2). Mr. King timely filed a Notice of Appeal asserting that his plea should be withdrawn because it was not voluntarily and knowingly made because he was led to believe that he could be convicted of both forgery and possession of a forged instrument had he taken the case to trial. On March 13, 2014, the Colorado Court of Appeals (CCA) affirmed the order of the District Court denying Applicant relief. On September 87, 2014, the Colorado Supreme Court (CSC) denied Applicant's petition for writ of certiorari (ECF No. 13-3).

Applicant filed the instant action on November 25, 2014 wherein he raises the following claim.

> Defendant's Plea was not voluntary [sic] made. Defendant pled "No Contest" to Forgery, not because he was guilty of Forgery, but because he felt a jury would see that since Defendant was allegedly in possession of an allegedly forged document, he would be found guilty of both Forgery and Possession of a Forged Document. Had defendant be [sic] made aware of the merger statute which states, "A person may not be convicted of both forgery and criminal possession of a forged instrument with respect to the same written instrument," 18-5-108 C.R.S. Merger of offenses; he would of [sic] elected to go to trial because he could prove that he did not forge any document, even though he does not have to.

ECF No. 1, p. 5.

## B. Procedural Requirements for Federal Habeas Corpus Review

Before this Court can address the merits of Applicant's claim, it is necessary to examine whether this Application fulfills the applicable procedural requirements under the federal habeas corpus statute.

1.  <u>Exhaustion Requirement</u>

The provisions of the federal habeas corpus statute at 28 U.S.C. § 2254(b) require a state prisoner to exhaust available state court remedies before seeking federal habeas corpus relief. To comply with the exhaustion requirement, a state prisoner first must have "fairly presented"

his constitutional and federal law issues to the state courts through direct appeal, collateral review, state habeas proceedings, mandamus proceedings, or other available procedures for judicial review in accordance with the state's procedural requirements. *See, e.g.*, *Castille v. Peoples*, 489 U.S. 346, 351 (1989). To "fairly present" a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971). Even if a state court fails to consider the constitutional claim, it is still exhausted as long as the state court had the opportunity to address it.

In addition, in order to exhaust his claims, a habeas corpus petitioner must "properly present" his claims to the state courts. In this regard, a petitioner must invoke "one complete round" of the applicable State's appellate review process, thereby giving the courts of that State "one full opportunity" to resolve any issues relevant to such claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845(1999). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

2.  Procedural Default

Beyond questions of exhaustion, a federal court may be precluded from reviewing claims under the "procedural default doctrine." *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). Like the exhaustion requirement, the procedural default doctrine was developed to promote our dual judicial system and, in turn, it is based upon the "independent and adequate state law grounds" doctrine.

> It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a

>state-law ground that is independent of the federal question and adequate to support the judgment. In the context of federal habeas proceedings, the independent and adequate state ground doctrine is designed to ensure that the States' interest in correcting their own mistakes is respected in all federal habeas cases. When a petitioner fails to properly raise his federal claims in state court, he deprives the State of an opportunity to address those claims in the first instance and frustrates the State's ability to honor his constitutional rights. Therefore, consistent with the longstanding requirement that habeas petitioners must exhaust available state remedies before seeking relief in federal court, we have held that when a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review.

*Cone v. Bell*, 556 U.S. 449, 465 (2009) (internal quotations and citations omitted).

"A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted). *See also Dugger v. Adams*, 489 U.S. 401, 410, n. 6 (1989) (holding that a state rule is adequate to preclude federal habeas corpus review if it is applied by state courts in "the vast majority of cases.").

Moreover, if a habeas applicant "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred ... there is a procedural default." *Coleman*, 501 U.S. 722 at 735 n.1; *see also Harris v. Reed*, 489 U.S. 255, 269–70 (1989); *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) (" 'Anticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it.") (citation omitted). Thus, if it is obvious that an unexhausted claim would be procedurally barred in state court, the claim is subject to an anticipatory procedural bar and is procedurally barred from federal habeas review.

5

An applicant whose constitutional claims have not been addressed on the merits due to procedural default can overcome the default, thereby allowing federal court review, if he or she can demonstrate either:  1) "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law; or 2) failure to consider the claims will result in a "fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750.

### C.  Analysis

It is clear that Mr. King properly presented a challenge to his guilty plea to the state courts because he raised it in his Rule 35 motion and presented it to all three levels of the Colorado state courts.  Notwithstanding, Respondents argue that his claim has been procedurally defaulted.  In this regard, Respondents admit that in his opening brief in the CCA, Applicant fairly presented a claim that his guilty plea was constitutionally involuntary because he was "coerced into believing" that the forgery and possession counts would be separate convictions.  In reviewing this claim, the CCA observed that applicant's Rule 35(c) motion "did not allege that his plea was constitutionally infirm."  Instead, the CCA observed, applicant had checked a box on the Rule 35(c) form stating that the grounds for relief was newly-discovered evidence, not that his plea was unconstitutionally coerced.  The CCA further observed that "[n]ormally, we decline to address this argument raised for the first time on appeal." (ECF No. 13-5, p. 5).  In the next sentence, however, the CCA went on to state "[e]ven if we were to address this argument and liberally construe [applicant's] postconviction motion as stating such a claim, based on the record, which included his written plea agreement and a transcript of the providency hearing, we conclude that his plea complied with Crim. P. 11(b), and therefore, is constitutional."  The Court then undertook a lengthy analysis of the relevant facts in concluding that Applicant's guilty plea was voluntarily made.

The Supreme Court has noted that "[t]he question whether a state court's reference to state law constitutes an adequate and independent state ground for its judgment may be rendered difficult by ambiguity in the state court's opinion." *Harris v. Reed*, 489 U.S. 255, 261, 265 (1983). "[I]f it fairly appears that the state court rested its decision primarily on federal law, this Court may reach the federal question on review unless the state court's opinion contains a plain statement that its decision rests upon adequate and independent state grounds." *Id*. (citing *Michigan v. Long*, 463 U.S. 1032, 1042 (1983)).

Here, it is not at all clear that the CCA expressly rejected applicant's appellate claim by applying its rule against addressing appellate claims not presented below. The Court's use of the term "normally" suggests otherwise. *See Pike v. Guarino*, 492 F.3d 61, 74 (1st Cir. 2007) ("a federal court always must be chary about reaching a conclusion, based upon a speculative analysis of what a state court might do, that a particular claim is procedurally foreclosed."); *Lines v. Larkin*, 208 F.3d 153, 165 (3d Cir. 2000) (noting that "federal courts should be most cautious before reaching a conclusion dependent upon an intricate analysis of state law that a claim is procedurally barred."). Moreover, in his petition for certiorari to the CSC, Applicant explained that "[t]he [Rule 35] form does not explicitly have an option designating that the defendant is seeking to withdraw a plea because he or she did not enter it knowingly or voluntarily." ECF No. 13-6, p.12. Applicant argued that he had included the factual basis for his assertion and that the Court should have addressed his claim as one of attacking the voluntariness of his plea.

What is clear from the record is that the CCA did evaluate the factual basis upon which the voluntariness of the guilty plea claim is premised. With that in mind, it is difficult to imagine how the interests of comity will be disserved by permitting a federal court, taking cognizance of

7

those factual findings, to resolve the claim on its merits. Moreover, the interests of judicial economy also will be served by addressing the merits of the claim here and now. Moreover, this Court may review this claim on the merits under the authority set forth in 28 U.S.C. § 2254(b)(2), which provides that a federal court may deny a petitioner's claim on the merits notwithstanding his failure to comply with state-law requirements. Accordingly, the Court will address the merits of Applicant's guilty plea claim.

### D. Standard of Review

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Mr. King bears the burden of proof under § 2254(d). *See Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (*per curiam*).

The Court reviews claims of legal error and mixed questions of law and fact pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question the Court must answer under § 2254(d)(1) is whether Mr. King seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id*. at 412. Furthermore,

> clearly established law consists of Supreme Court holdings in cases

> where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008). If there is no clearly established federal law, that is the end of the Court's inquiry pursuant to § 2254(d)(1). *See id*. at 1018.

If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id*. at 407-08.

*House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id*. at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. Furthermore,

> [E]valuating whether a rule application was unreasonable requires considering the

9

rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations. [I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court.

*Richter*, 562 U.S. at 101 (internal quotation marks omitted). In conducting this analysis, the Court "must determine what arguments or theories supported or . . . could have supported[] the state court's decision" and then "ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

Under this standard, "only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Maynard*, 468 F.3d at 671; *see also Richter*, 562 U.S. at 102 (stating that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable").

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 562 U.S. at 103.

This deference was explained in *Renico v. Lett*, 599 U.S. 766 (2010) where the Supreme Court reviewed the Court of Appeals for the Sixth Circuit's grant of a writ of habeas corpus to a defendant who was retried for murder following the trial judge's grant of a mistrial after the jury had deliberated for at least four hours following a relatively short, and far from complex, trial. The Michigan Supreme Court had concluded there was no violation of the Double Jeopardy Clause because the trial court exercised its sound discretion. The federal district court granted a

10

writ of habeas corpus and the Sixth Circuit affirmed, both concluding that the trial court's declaration of a mistrial constituted an abuse of discretion because there was no manifest necessity. The Supreme Court reversed.

> It is important at the outset to define the question before us. That question is not whether the trial judge should have declared a mistrial. It is not even whether it was an abuse of discretion for her to have done so-the applicable standard on direct review. The question under AEDPA is instead whether the determination of the Michigan Supreme Court that there was no abuse of discretion was "an unreasonable application of ... clearly established Federal law." § 2254(d)(1).

*Lett*, 559 U.S. at 772-73. The Supreme Court further instructed:

> It is not necessary for us to decide whether the Michigan Supreme Court's decision-or, for that matter, the trial judge's declaration of a mistrial-was right or wrong. The latter question, in particular, is a close one. As Lett points out, at a hearing before the Michigan Court of Appeals, the state prosecutor expressed the view that the judge had in fact erred in dismissing the jury and declaring a mistrial. The Michigan Supreme Court declined to accept this confession of error, and in any event-for the reasons we have explained—**whether the trial judge was right or wrong is not the pertinent question under AEDPA**.

*Id*. at 778, n. 3 (emphasis added) (internal citation omitted). *See also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.' ").

In making this determination, a federal court must accord a presumption of correctness to a state court's factual findings, which a petitioner can rebut only by clear and convincing evidence. 28 U.S.C. § 2254(e). Where a state court's factual findings are not made explicit, a federal court's "duty is to begin with the [state] court's legal conclusion and reason backward to the factual premises that, as a matter of reason and logic, must have undergirded it." *Campbell v. Vaughn*, 209 F.3d 280, 289 (3d Cir. 2000). In determining what implicit factual findings a state court made in reaching a conclusion, a federal court must infer that the state court applied federal

11

law correctly. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1982). "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

For federal habeas claims not adjudicated on the merits in state-court proceedings, the Court must exercise its independent judgment. *McCracken v. Gibson*, 268 F.3d 970, 975 (10th Cir. 2001). Any state-court findings of fact that bear upon the claim are entitled to a presumption of correctness rebuttable only by clear and convincing evidence. *Hooks v. Ward*, 184 F.3d 1206, 1223 (10th Cir. 1999) (applying § 2254(e)(1)'s presumption of correctness to state-court factual findings bearing upon the claim, even though the claim was not adjudicated on the merits by the state court).

### E.  Guilty Pleas

Petitioner's claim concerns the adequacy of his *nolo contendere* plea. A defendant's plea of guilty (and *nolo contendere*, which is treated as a guilty plea under Colorado law, *People v. Darlington,* 105 P.3d 230, 234 (Colo. 2005)) amounts to a waiver of his constitutional right to a trial by jury. The Supreme Court repeatedly has held that, as with any waiver of a constitutional right, the Due Process Clause of the United States Constitution requires that a guilty plea be made "knowingly, voluntarily and intelligently." *Boykin v. Alabama*, 395 U.S. 238 (1969). The constitutional standard is one that asks whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Id*. at 243. To enter a plea that is knowing and voluntary, the defendant must have a full understanding of what the plea connotes and of its consequence. *See United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002) (citations and internal quotation marks omitted). It is not necessary that the record reflect a detailed enumeration and waiver of rights as a result of the guilty plea; rather the issue is

simply whether the record affirmatively shows that the guilty plea was intelligent and voluntary. *Stinson v. Turner*, 473 F.2d 913 (10th Cir. 1973). "Whether a plea is voluntary is a question of federal law, but this legal conclusion rests on factual findings and inferences from those findings." *Fields v. Gibson*, 277 F.3d 1203, 1212 (10th Cir. 2002) (citing *Boykin* ). The determinations of factual issues made by a State court are presumed to be correct and the applicant can rebut this presumption only with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

In reviewing the merits of this claim, the CCA held as follows.

> King contends that the entry of his plea was unconstitutionally obtained because it was involuntary, unknowing, and unintelligent. But, his motion did not allege that his plea was constitutionally infirm. Instead, he checked the box on the Form 4 stating the grounds for his motion was newly discovered evidence and did not check the box indicating that his conviction was entered in violation of the constitution.
>
> Normally, we decline to address this argument raised for the first time on appeal. *See DePineda v. Price*, 915 P.2d 1278, 1280 (Colo. 1996) ("Issues not raised before the district court in a motion for postconviction relief will not be considered on appeal of the denial of that motion."); *People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996). But, even if we were to address this argument and liberally construe King's post-conviction motion as stating such a claim, based on the record, which included his written plea agreement and a transcript of the providency hearing, we conclude that his plea complied with Crim. P. 11(b) and, therefore, is constitutional. *See* Crim. P. 11(b) (prior to accepting a guilty or nolo contendre plea, the district court shall determine that (1) the defendant understands the nature of the charges against him or her, the elements of the offenses to which he or she is pleading guilty, and the effect of his or her plea; (2) the plea is voluntary and not the result of undue influence or coercion on the part of anyone; and (3) there is a factual basis for the plea)); *see also Sanchez-Martinez v. People*, 250 P.3d 1248, 1254 (Colo. 2011).
>
> We note that the written plea agreement, which King signed, contained a comprehensive explanation of the elements of the charge to which he was pleading *nolo contendere*, the effect of that plea, the penalty to be imposed, and the rights he was waiving. In addition, at the providency hearing,[1] the court confirmed that King understood what a *nolo contendere* plea meant, the binding nature of his plea, the

---

[1] The hearing transcript is attached to Respondents' Answer as Exhibit H (ECF no. 13-8).

13

penalty to be imposed, and that he was entering the plea voluntarily. Accordingly, contrary to defendant's contention, we conclude that his plea was knowingly, intelligently, and voluntarily entered. *See Benavidez v. People*, 986 P.2d 943, 951 (Colo. 1999) (a defendant's in-court affirmation that he understood the matters described in the printed plea agreement provided sufficient compliance with Crim. P. 11 (b)); *People v. Chavez*, 730 P.2d 321, 324-25 (Colo. 1986) (guilty plea was constitutionally sound where providency hearing record showed that the court explained the elements of and penalty for the offense, the defendant acknowledged that he understood the charges and the penalty, that he was waiving certain rights, and that he was admitting guilt to pled charges).

The order is affirmed.

ECF No. 13-5, pp. 4-7

The state court's factual determinations that Petitioner's plea was made knowingly and voluntarily and that Petitioner was competent to enter the plea are entitled to the presumption of correctness. *Marshall v. Lonberger*, 459 U.S. 422, 431 (1983). Applicant has failed to rebut that presumption with clear and convincing evidence. *Id*. Moreover, Applicant has failed to show that the CCA's determination was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. In this regard, in order to make such a showing, Applicant would have to cite to Supreme Court precedent clearly mandating that the Due Process Clause mandates that trial courts advise Defendants about all potential merger statutes applicable to all charges originally charged against them in their individual cases prior to accepting a plea of guilty. This Court has conducted independent research and has not located any such precedent. Given the lack of such a holding by the Supreme Court, it cannot be said that the state court unreasonably applied clearly established Federal law. *Woods v. Donald*, 135 S.Ct. 1372, 1377 (2015) ("Because none of our cases confront "the specific question presented by this case," the state court's decision could not be "contrary to" any holding from this Court."); *see also Carey v. Musladin*, 549 U.S. 70, 76–77 (2006).

Moreover, Mr. King elected to represent himself and declined the trial court's

14

recommendation to obtain professional representation. Had he been represented by competent counsel, presumably he would have been advised about the merger statute in relationship to the benefits and risks of proceeding to trial. As the District Court noted, however, "the Court cannot relieve Defendant of the natural consequences of self representation." ECF no. 13-7, p. 2. *See McKaskie v. Wiggins*, 465 U.S. 168, 177 (1984) ("a defendant who exercises his right to appear *pro se* cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel.") (quoting *Faretta v. California*, 422 U.S. 806, 834 n. 46 (1975)).[2]

Here, Mr. King has not met his burden of showing that the state court's decision is clearly contrary to federal law as determined by the Supreme Court of the United States. Nor has he shown that the state court's decision is an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. In order for him to succeed on his claim it is not enough to convince a federal court that in its independent judgment the state court applied the law incorrectly, it must have applied the law in an "objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 698–699 (2002). Applicant has not made such a showing and, therefore, is not entitled to habeas relief with respect to his claim. *Cf. Hammons v. Paskiewicz*, 368 F. App'x 904, 907 (10th Cir. 2010) ("Our review of the record in this case, including the transcript of the plea colloquy, convinces us that Mr. Hammons' guilty plea was freely given, and not the product of coercion by anyone."). Accordingly, it is

---

[2] Finally, the Court notes that Mr. King was charged with six felonies: two counts of Identity Theft, a Class 4 felony, which requires a sentence of from two to six years incarceration; two counts of Forgery, a Class 5 felony, which requires a sentence of from one to three years incarceration; and two counts of Possession of a Forged Instrument, a Class 6 felony, which requires a sentence of from one year to eighteen months incarceration. Even taking the merger statute into consideration, had Mr. King proceeded to trial, he would have faced a possible maximum sentence of from two to six years imprisonment if all of the counts were imposed to run concurrently or, if the counts were to run consecutively, six to eighteen years (assuming convictions of the forgery and not possession counts) or six to fifteen years (assuming convictions of the possession counts and not the forgery counts). Thus, his assertion now that he would have taken his chances going to trial must be viewed with some skepticism.

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 filed by Applicant Jeffery David King is **DENIED.** It is

**FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE.** It is

**FURTHER ORDERED** that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

DATED   May 1   , 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court